UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**Case No.:**  5:26-cv-03114-BFM                    **Date:**  June 24, 2026

**Title:**      *Arias Ortega v. Warden. Adelanto ICE Processing Center, et al.*

==================================================================

Present:   The Honorable <u>Brianna Fuller Mircheff, United States Magistrate Judge</u>

<u>    Christianna Howard    </u>                          <u>          N/A          </u>
Deputy Clerk                                Court Reporter / Recorder

Attorneys Present for Petitioner            Attorneys Present for Respondents
N/A                                         N/A

**Proceedings:      (In Chambers) Order Denying Petition (ECF 1)**

Petitioner Alvaro Humberto Arias Ortega filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 5, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **denied**.

## I.      Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center. (ECF 1 ("Pet.") at 4.) He has lived in the United States for years and applied for lawful immigration status through his United States citizen sister. (Pet. at 5.) In 2012, Petitioner was placed in removal proceedings; he posted bond and was released from immigration custody. (Pet. at 5.) Following his release, he complied with the rules governing his supervision until his case was administratively closed in April 2016. (Pet. at 5.)

On January 10, 2026, Petitioner was detained by immigration authorities and placed back in removal proceedings. (Pet. at 5.) He filed a habeas petition in this Court in February 2026. As a result of that Petition, Respondents were ordered to provide him with a bond hearing. (Pet at 9); *see also Alvaro Humberto Arias Ortega v. Kevin K. Mcaleenan,* Case No. 2:26-cv-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03114-BFM                          **Date:**   June 24, 2026

**Title:**         *Arias Ortega v. Warden. Adelanto ICE Processing Center, et al.*

=====================================================================

01056-SSS-BFM, Dkt. No. 8.  A bond hearing was held, but Petitioner was denied bond. (Pet at 9.)

Petitioner was ordered removed on June 1, 2026, based, in part, on criminal convictions. (Pet. at 5.) After the order of removal was entered, Petitioner received post-conviction relief vacating the convictions relied on by the IJ. (Pet. at 6-7; *see also* ECF 1-4; ECF 1-5.) Petitioner filed a Notice of Appeal to the Board of Immigration Appeals challenging the removal order. (Pet. at 6; *see also* ECF 1-6.) He also filed a Petition in this Court, which is now fully briefed and ready for decision. (ECF 8 (Answer); ECF 9 (Reply).)

## II.     Analysis

Petitioner argues that his detention violates due process. His argument is not that there was any problem with the February 2026 bond hearing. (Pet. at 2 ("This Petition does not challenge the adequacy of the February 2026 bond hearing itself.").) Instead, Petitioner claims that the factual foundation for his detention has been eroded by the post-conviction relief he received after his bond hearing. (Pet. at 2, 9.) He therefore asks that the Court order his release. (Pet. at 10-11.) In the alternative, he argues that the immigration court has not provided him a constitutionally adequate custody determination since this material change in his circumstances. (Pet. at 11-12.) Finally, he argues that his continued detention violates substantive due process. (Pet. at 12-14.)

Respondents oppose the Petition, arguing that the proper avenue for Petitioner to raise these arguments is a bond redetermination proceeding in immigration court. (Answer at 2.) They further argue that Petitioner has not stated a substantive due process claim. (Answer at 5-6.)

The Court agrees with Respondents on both counts. Petitioner claims he has been detained "without a meaningful opportunity for release." (Pet. at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03114-BFM          **Date:**  June 24, 2026

**Title:**        *Arias Ortega v. Warden. Adelanto ICE Processing Center, et al.*

===================================================================

But the immigration regulations provide a vehicle for a noncitizen to raise changed circumstances that might affect a prior bond decision—it is to request a new bond redetermination under 8 C.F.R. § 1003.19(e). Petitioner does not indicate that he requested such a hearing—let alone that he has been denied such a hearing. The availability of such a mechanism undermines Petitioner's due process claim. Beyond that, principles of exhaustion generally require a habeas petitioner to attempt to make use of administrative pathways before seeking the federal court's assistance. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Counts II and III, which each depend on the lack of a meaningful process to challenge detention, are therefore denied.

Second, Petitioner has not shown that his detention violates substantive due process on these facts. To date, his detention has not been unusually prolonged, nor has he alleged that the conditions of his detention are similar to criminal confinement. *Doe v. Becerra*, 723 F. Supp. 3d 688, 691 (N.D. Cal. 2024) (considering such factors in evaluating substantive due process claim raised by an individual in immigration detention). Instead, his claim is simply that detention is not necessary under the circumstances of his detention.

That claim does not get off the ground: a bond hearing is the primary test of whether detention is excessive to the government's interest in detention. *See Martinez Leiva v. Becerra*, No. 23-CV-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023). And here, Petitioner explicitly denies any challenge to his initial bond hearing (Pet. at 2) and has not sought a bond hearing on the changed circumstances that post-date that hearing. Under these circumstances, he cannot state a substantive due process challenge to his detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03114-BFM                          **Date:**   June 24, 2026

**Title:**       *Arias Ortega v. Warden. Adelanto ICE Processing Center, et al.*

=====================================================================

### III.   Conclusion

Accordingly, the Petition is denied. Judgment shall be entered accordingly.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:     ch